1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California  92101-8893
   Telephone: (619) 557-6787
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8
                        UNITED STATES DISTRICT COURT
9
                      SOUTHERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,          )   CRIMINAL CASE NO. 3:07-CR-3052 BEN
                                       )
12                                     )   DATE:        December 10, 2007
              Plaintiff,               )   TIME:        2:00 P.M.
13                                     )
                                       )   GOVERNMENT'S RESPONSE AND
14       v.                            )   OPPOSITION TO DEFENDANTS' MOTIONS
                                       )
15                                     )   [1] TO COMPEL DISCOVERY AND
    AARON GARCIA-DIAZ,                 )          PRESERVE EVIDENCE; AND
16                                     )   [2] GRANT LEAVE TO FILE FURTHER
              Defendant.               )          MOTIONS.
17                                     )
                                       )   TOGETHER WITH A STATEMENT OF THE
18                                     )   FACTS AND THE MEMORANDUM OF
                                       )   POINTS AND AUTHORITIES, AND
19                                     )   GOVERNMENT'S MOTIONS FOR:
                                       )
20                                     )   (1) RECIPROCAL DISCOVERY
                                       )   (2) FINGERPRINT EXEMPLARS
21  _____)

22
         COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
23
    KAREN P. HEWITT, United States Attorney, and Aaron B. Clark, Assistant United States Attorney,
24
    hereby files its Response and Opposition to Defendant's Motions for Discovery and its Motions for (1)
25
    Reciprocal Discovery, and (2) Fingerprint Exemplars.  This response and motion is based upon the files
26
    and records of the case together with the attached statement of facts and memorandum of points and
27
    authorities.
28

**I**

**STATEMENT OF THE CASE**

On November 9, 2007, the Government filed a one-count indictment charging Aaron Garcia-Diaz ("Defendant") with violating 8 U.S.C. § 1326(a) and (b), deported alien found in the United States. On November 13, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

On October 23, 2007, at approximately 7:50 a.m., Border Patrol Agent Javier Espinoza was performing line watch duties when he observed Defendant walking North on a hill commonly known as "Tin Can." The area is approximately three miles East of the Otay Mesa, California Port of Entry and approximately 200 yards North of the United States/Mexico International Boundary fence. Espinoza approached Defendant and commanded him to stop, but Defendant began to run up the hill. Espinoza chased Garcia for approximately five minutes and then again commanded Defendant to stop. Defendant thereafter complied. Espinoza identified himself as a United States Border Patrol agent and questioned Defendant regarding his citizenship and immigration status. Defendant admitted he is a Mexican citizen without documents to be in the United States legally. Defendant was thereafter arrested and taken into custody.

During routine processing and records checks, agents determined that Defendant had been previously deported from the United States on at least one occasion.

At 11:11 a.m. that morning, Defendant was advised of his Miranda rights and agreed to waive his rights and speak with agents. Defendant thereafter stated he is a citizen and national of Mexico without documents to be in the United States legally.

**III**

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY**

The United States intends to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act, 18 U.S.C. § 3500, and Rule 16 of the Federal Rules of Criminal Procedure. Thus far, the United States has produced 80 pages of discovery and 1 DVD of statements. Defendant's specific requests are addressed below.

07-CR-3052-BEN

**(1) The Defendant's Statements**

The United States recognizes its obligation under Rule 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The United States has produced all of Defendant's oral and written statements that are known to the undersigned Assistant U.S. Attorney at this date and all available DVDs or compact discs. If the United States discovers additional written or oral statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The United States has no objection to the preservation of the handwritten notes taken by any of the United States' agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the United States objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The United States is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined under 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendants that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under

Rule 16, the Jencks Act, or <u>Brady</u>, the notes in question will be provided to the Defendants.

## (2) Arrest Reports and Notes

The United States has provided the Defendant with arrest reports.  As noted previously, agent rough notes, if any exist, will be preserved, but they will not be provided as part of Rule 16 discovery.

## (3) Brady Material

The United States is well aware of, and will continue to perform, its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment.  Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case.  As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality."  <u>Id.</u> at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976).  When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

## (4) Sentencing Information

Defendant claims that the United States must disclose any information affecting Defendant's sentencing guidelines because such information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The United States respectfully contends that it has no such disclosure obligation under <u>Brady</u>.

07-CR-3052-BEN

1    The United States is not obligated under <u>Brady</u> to furnish a defendant with information which

2    he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986).  <u>Brady</u> is a rule of

3    disclosure, and therefore, there can be no violation of <u>Brady</u> if the evidence is already known to the

4    defendant.  In such case, the United States has not suppressed the evidence and consequently has no

5    <u>Brady</u> obligation.  <u>See</u> <u>United States v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987).

6    But even assuming Defendant does not already possess the information about factors which

7    might affect their guideline ranges, the United States would not be required to provide information

8    bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and

9    prior to his sentencing date.  <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th Cir. 1988) ("No

10   [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure

11   remains in value.").  Additionally, the United States is unaware of any cooperation, or even attempted

12   cooperation, provided by Defendant.  Accordingly, Defendant's demand for this information is

13   premature.

14   **(5) Defendant's Prior Record**

15   The United States will provide the Defendant with a copy of his criminal record in accordance

16   with Federal Rule of Criminal Procedure 16(a)(1)(B).

17   **(6) Proposed 404(b)**

18   Should the United States seek to introduce any similar act evidence pursuant to Federal Rules

19   of Evidence 404(b) or 609, the United States will provide Defendant with official notice of its proposed

20   use of such evidence and information about such bad act at the time the United States' trial

21   memorandum is filed.

22   **(7) Evidence Seized**

23   The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing

24   Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence

25   which is within the possession, custody or control of the United States, and which is material to the

26   preparation of Defendant's defense or intended for use by the United States as evidence in chief at trial,

27   or obtained from or belongs to Defendant, including photographs.

28   The United States, however, need not produce rebuttal evidence in advance of trial.  United

States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

### (8) Preservation of Evidence

The United States will preserve all evidence to which Defendant is entitled pursuant to the relevant discovery rules.  However, the United States objects to any blanket request to preserve all physical evidence.

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within his possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or intended for use by the United States as evidence in chief at trial, or obtained from or belong to Defendant, including photographs.  The United States has made the evidence available to Defendant and his investigators and will comply with any request for inspection.

### (9) Henthorn Evidence

Again, as stated in Section III(3) of this Response, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  To comply, the United States will request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality.  United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)).  If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

### (10) Tangible Objects

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or intended for use by the United States as evidence during its case-in-chief at trial, or obtained from or belongs to Defendant.  The United States need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

07-CR-3052-BEN

**(11) Expert Witnesses**

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

**(12) Evidence of Bias or Motive to Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(13) Impeachment Evidence**

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

**(14) Criminal Investigation of Government Witness**

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. "[T]he criminal records of such [Government] witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976); United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542 F.2d at 1026).

The United States will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

//

//

//

07-CR-3052-BEN

**(15) Evidence Affecting Perception, Recollection, Communication or Truth-Telling**

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.

**(16) Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a United States witness has testified on direct examination, the United States must give the Defendant any "statement" (as defined by the Jencks Act) in its possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).  While the United States is only required to produce all Jencks Act material after the witness testifies, the United States plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

Additionally, no witness who testified before the grand jury will testify at trial, so the United States does not anticipate that it will have to provide any of the Grand Jury transcripts to Defendant.

**(17) Giglio Information & Agreements Between the Government and Witnesses**

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S.  83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

The United States is unaware of any agreement between it and any cooperating witnesses, who have committed crimes, but were not charged, so that they may testify for the Government in this case. The United States will comply with all of its obligations under  Brady, Giglio, Jencks Act, and Rule 16, regarding any potential cooperating witness, including any of the material witnesses.  Again, at this time, the United States is unaware of any agreement between any of these potential witnesses, but will provide any relevant and pertinent information if such an agreement arises**.**

**(18) Agreements Between the Government and Witnesses**

As stated previously, the United States is unaware of any agreement between it and any cooperating witnesses, who have committed crimes, but were not charged, so that they may testify for the Government in this case. The United States will comply with all of its obligations under Brady, Giglio, Jencks Act, and Rule 16, regarding any potential cooperating witness, including any of the material witnesses. At this time, the United States is unaware of any agreement between any of these potential witnesses, but will provide any relevant and pertinent information if such an agreement arises.

**(19) Informants and Cooperating Witnesses**

If the Government determines that there is a confidential informant whose identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," it will disclose that person's identity to the Court for in-chambers inspection. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

The United States has already stated it will comply with its Brady, Giglio, Jencks Act, and further Rule 16 discovery obligations. The United States will comply with the structure of Roviaro if it determines that any confidential informant information is "relevant and helpful to the defense of [the] accused, or is essential to the fair determination of a cause." Roviaro, 353 U.S. at 60.

As the Court is aware, the Supreme Court has declined to adopt an absolute rule requiring disclosure of an informant's identity whenever it is relevant or helpful to a defendant's case. See Roviaro v. United States, 353 U.S. at 62. Indeed, as the D.C. Circuit stated in United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir.1971), a "heavy burden ... rests on an accused to establish that the identity of an informant is necessary to his defense." Id. at 1070. "Mere speculation" that an informant's testimony may assist the defendant is not sufficient to meet this burden. United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir.1996). In determining whether the Defendant has met this burden, the Court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense," all the while "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62. The United States will comply with its Rovario obligations, but it also requests that any information provided to the Defendants be subject to in camera review by the Court.

9                                                              07-CR-3052-BEN

**(20) Bias by Informants or Cooperating Witnesses**

As stated in Section III(12), the United States is unaware of any evidence indicating that any prospective witness, whether Government agent, Informant, or Cooperating Witness, is biased or prejudiced against Defendant.  The United States is also unaware of any evidence that prospective witnesses, whether Government agent, Informant, or Cooperating Witness, have a motive to falsify or distort testimony. It will comply with its Giglio obligations if it becomes aware of any indication of bias on behalf of any of these witnesses.

**(21) Inspection and Copying of A-File**

Upon reasonable notice, The United States will make available all A-files relevant to Defendant for inspection and copying.

**(22) Residual Request**

The United States has already complied with Defendant's request for prompt compliance with its discovery obligations prior to Indictment.  The United States will continue to comply with all of its discovery obligations, but objects to the broad nature of Defendant's further discovery requests.

**IV**

**NO OPPOSITION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendants to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**V**

**MOTION FOR RECIPROCAL DISCOVERY**

The United States hereby moves for reciprocal discovery from the Defendant.  To date Defendant has not provided any.  The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to

1  introduce as evidence in their case-in-chief at trial.

2       The United States further requests that it be permitted to inspect and copy or photograph any

3  results or reports of physical or mental examinations and of scientific tests or experiments made in

4  connection with this case, which are in the possession or control of Defendant, which Defendant intend

5  to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants

6  intend to call as a witness.  Because the United States will comply with Defendant's request for delivery

7  of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1)

8  of the Federal Rules of Criminal Procedure.  The United States also requests that the Court make such

9  order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the

10  discovery to which it is entitled.

11       In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of

12  prior statements of all witnesses, except a statement made by Defendant.  This rule thus provides for the

13  reciprocal production of <u>Jencks</u> statements.  The time frame established by the rule requires the

14  statement to be provided after the witness has testified.  To expedite trial proceedings, the United States

15  hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a

16  reasonable date before trial to be set by the Court.  Such an order should include any form in which these

17  statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes

18  and/or reports.

### VI

### <u>MOTION FOR FINGERPRINT EXEMPLARS</u>

21       As part of its burden of proof at trial, the Government must prove beyond a reasonable

22  doubt that Defendant is the same person who was previously deported from the United States.

23  Defendant's warrants of deportation and related documents bear fingerprints to verify his identity.  In

24  order to meet our burden of proof, the United States anticipates calling a certified fingerprint examiner

25  to obtain fingerprint exemplars from Defendant and compare those with the fingerprints on the

26  immigration documents.

27       Defendant has no privilege against providing fingerprint exemplars.  The Fifth Amendment

28  privilege is limited to communications or testimonial evidence. <u>Schmerber v. California</u>, 384 U.S. 757,

763-64 (1966). The Government's use of identifying physical characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). Compare United States v. Jackson, 886 F.2d 838, 845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting specimen does not violate his fifth amendment privilege against self-incrimination since the privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court should order that Defendant provide fingerprint exemplars to the Government's fingerprint expert.

## VII

## **CONCLUSION**

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions for Discovery, and requests that its Motion for Reciprocal Discovery be granted.

DATED: December 6, 2007.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*s/ Aaron B. Clark*
AARON B. CLARK
Assistant U.S. Attorney
Email: aaron.clark@usdoj.gov

07-CR-3052-BEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 3:07-CR-3052-BEN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |
| AARON GARCIA-DIAZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Aaron B. Clark, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motion to Compel Discovery and Preserve Evidence, and Grant Leave to File Further Motions, and Government's Motion for Reciprocal Discovery and Fingerprint Exemplars on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     1. John C. Ellis, Jr.
     john_ellis@fd.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2007

     s/ *Aaron B. Clark*
     Aaron B. Clark

07-CR-3052-BEN